

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
01/30/2009

| | | |
|---|---|---|
| IN RE: | § | |
| FRANK ALUOTTO; aka ALUOTTO; aka | § | Case No. 08-32970 |
| ALUOTTO; dba FORGETTABOUTIT | § | |
| INC.; dba FORGETTABOUT TOO; dba | § | |
| ALOUTTO INC.; dba FBI ROCK CLUB, | § | |
|     Debtor(s). | § | |
| | § | Chapter 7 |
| | § | |
| THE CADLE COMPANY, | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 08-03250 |
| | § | |
| FRANK ALUOTTO, | § | |
|     Defendant(s). | § | Judge Isgur |

## <u>MEMORANDUM OPINION</u>

### Summary

This Memorandum Opinion concerns three related matters pending before this Court. First, it resolves a claim objection filed by the Debtor against the Cadle Company ("Cadle"). Second, it controls the outcome of an adversary proceeding filed by Cadle against the Debtor. Third, it relates to—but does not control—a bill of review proceeding filed by the Debtor against Cadle.

Texas law requires judgment creditors to domesticate a foreign judgment within 10 years of the date of issuance of the foreign judgment. Cadle seeks to enforce a 1992 New Jersey bankruptcy court judgment that was domesticated more than 10 years after it was issued.

For the reasons set forth below, the Court holds as follows:

1.     The bill of review adversary proceeding will proceed and be determined on its merits.

2.      The claim objection is abated.  If Aluotto prevails on the bill of review, the claim objection will be sustained.  If he does not, the claim objection will be overruled.

3.      The discharge adversary proceeding is abated.  If Aluotto prevails on the bill of review, the discharge proceeding will be dismissed as moot.  If he does not, Cadle's claim will be excepted from discharge.


## Background

On December 8, 1992, the United States Bankruptcy Court for the District of New Jersey issued a judgment against Aluotto in the amount of $51,840.98, plus interest.  The judgment debt was excepted from discharge in Aluotto's New Jersey bankruptcy case.  The judgment is now held by Cadle.

On November 25, 2003, Cadle domesticated the 1992 judgment by filing it with the Harris County District Court clerk and sought to enforce the judgment through a domestication suit filed in the 334th District Court of Harris County, Texas (cause no. 2003-65415) ("domestication suit").  Under Texas law, the 1992 judgment became a final judgment upon the date of filing.  On June 21, 2006, Aluotto filed a motion to vacate the domesticated judgment.  Aluotto argued that the domesticated judgment was invalid because it was not prosecuted within the applicable Texas statute of limitations.

On July 23, 2006, the 334th District Court issued an Order denying Aluotto's motion to vacate.  The Order stated that the court lacked jurisdiction over the motion and implied that Aluotto had untimely raised his statute of limitations defense.  The Court refrained from deciding other issues, pending a bill of review Aluotto had filed.  Nothing has been introduced into the record showing that the domestication suit has concluded.

On July 19, 2006, Aluotto filed an Original Petition for Bill of Review in the 80th District Court of Harris County, Texas (cause no. 2006-44216) ("bill of review"). The bill of review asserts that the 1992 judgment was improperly domesticated after passage of the statute of limitations. The bill of review also asserts that Aluotto was not properly served with notice of the filing of the 1992 judgment until after the appellate deadlines had expired.

On May 5, 2008, Aluotto filed a chapter 7 bankruptcy petition. Cadle filed a proof of claim in the amount of $98,443.14 based on the domesticated judgment. Aluotto objected to the proof of claim, again alleging that Cadle failed to domesticate the judgment within the applicable statute of limitations.

On June 13, 2008, Cadle filed an adversary proceeding excepting its debt from discharge (adv. #08-03199). Cadle contends that res judicata prohibits Aluotto from contesting the discharge issues decided in the 1992 judgment.

On July 15, 2008, Cadle removed the bill of review suit to this Court (adv. # 08-03250).

On October 14, 2008, the Court consolidated the two adversaries and Aluotto's objection to Cadle's claim for a status conference. The parties agreed that the enforceability of the domesticated judgment was determinative of all three matters. Accordingly, the Court ordered briefing on the enforceability issue.

For the reasons set forth below, the Court finds that the domesticated judgment is enforceable subject to the outcome of the bill of review adversary proceeding.

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**Law**

Rule 69 of the Federal Rules of Civil Procedure provides that judgments should be enforced pursuant to the procedures of the state in which the federal court sits, unless a federal statute provides otherwise. Fed. R. Civ. P. 69(a)(1)[1]; *Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 227 (5th Cir. 2007); *Fed. Deposit Ins. Corp. v. Ochsner*, 240 F.3d 1074, 2000 WL 1835282 (5th Cir. 2000); *In re Estate of Ferdinand E. Marcos Human Rights Litig. v. Estate of Ferdinand Marcos*, 536 F.3d 980, 987–88 (9th Cir. 2008). In Texas, the Civil Practice & Remedies Code defines the procedures for and limitations against enforcement of judgments.

Chapter 35 of the Texas Civil Practice & Remedies Code, the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), provides the procedure for domesticating a judgment issued by a non-Texas Court. TEX. CIV. PRAC. & REM. CODE ANN. § 35.001—008 (Vernon 2008). Section 35.003(c) provides that a foreign judgment filed under Chapter 35 "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c). Accordingly, "[u]nder the UEFJA, filing a foreign judgment in a Texas Court instantly creates an enforceable, final Texas judgment."

---

[1] Rule 69(a)(1) provides: "***Money Judgment; Applicable Procedure***.  A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statue governs to the extent it applies."

*BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 722 (Tex. App.—Houston [14th Dist] 2008, no pet. h.) (citing Tex. Civ. Prac. & Rem. Code § 35.003(c); *Walnut Equip. Leasing Co., Inc. v. Wu,* 920 S.W.2d 285, 286 (Tex. 1996); *Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 277 (Tex. App.—Houston [14th Dist] 2002, no pet.); *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ denied)).

Because a filed foreign judgment is treated like any other Texas final judgment, the Texas Rules of Appellate Procedure apply. TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c) ("A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings . . . as a judgment of the court in which it is filed."); *Caldwell v. Barnes*, 975 S.W.2d 535, 536 (Tex. 1998); *BancorpSouth*, 256 S.W.3d at 725 ("A judgment debtor must challenge enforcement of a filed foreign judgment within the timetables applicable to attacking any Texas judgment.").

After the appellate deadlines have passed, a judgment debtor may still attack a judgment by filing an equitable bill of review. *Middleton v. Muff*, 689 S.W.2d 212, 213 (Tex. 1985) ("a bill of review is the exclusive remedy since the time for an appeal from the consent judgment has expired"); *BancorpSouth*, 256 S.W.3d at 725.

A judgment debtor may collaterally attack a judgment after expiration of the appellate deadlines and outside of a bill of review if the court that rendered the challenged judgment lacked jurisdiction to render the judgment. *BancorpSouth*, 256 S.W.3d at 726 (citing *Middleton*, 689 S.W.2d at 213; *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex. 1974); *McEwen v. Harrison*, 345 S.W.2d 706, 710 (1961)). A statute of limitations defense does not defeat the rendering court's jurisdiction.  "A statue of limitations claim, whether asserted in a suit originating in Texas or in opposition to enforcement of a filed foreign judgment, is not a challenge to the trial court's

subject matter jurisdiction; rather, limitations is a procedural matter that is waived if not raised in the trial court." *BancorpSouth*, 256 S.W.3d at 726 (citing *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 793 (Tex. 1974); *Moore v. Rotello*, 719 S.W.2d 372, 380 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Reading & Bates Constr. Co. v. Baker Energy Res.*, 976 S.W.2d 702, 713–15 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)).

After the appellate deadlines have passed, a judgment is enforceable pending a bill of review. *BancorpSouth*, 256 S.W.3d at 729 ("Therefore, short of Pervot's prevailing on a bill of review, the trial court has no alternative but to enforce the judgment as requested by Bancorp in its motion.").[2]

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). "Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or  negligence by the movant." *Ross v. Nat'l Center for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (citing *Baker*, 582 S.W.2d at 407; *Sedgwick v. Kirby Lumber Co.*, 107 S.W.2d 358, 359 (1937)). However, " a defendant who is not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third." *Id.* (citing, *Caldwell*, 154 S.W.3d at 96).

---

[2]  Court opinions cited by Aluotto for the proposition that this Court can void the domesticated judgment outside a bill of review proceeding are inapposite.  *The Cadle Co. v. Jo Beth Batterton Jenkins*, 266 S.W.3d 4 (Tex. App.—Dallas 2008, no pet.); *Ware v. The Everest Group, LLC*, 238 S.W.3d 855 (Tex. App.—Dallas 2007, pet. denied).  In both cases, the parties presented their challenge to the judgment within the applicable appellate deadlines.  In neither case did a judgment debtor seek to void a judgment by asserting a statute of limitations defense after the appellate deadline had passed.

**Analysis**

Cadle filed the 1992 judgment on November 25, 2003, more than 10 years after the judgment was rendered and Aluotto became a Texas resident.  Absent grounds for tolling or revival, the 1992 judgment appears to have been filed outside the Texas statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.066(b) ("An action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before commencement of the action in this state."); *Lawrence Sys., Inc. By and Through Douglas-Guardian Warehouse Corp. v. Superior Feeders, Inc.*, 880 S.W.2d 203, 208 (Tex. App.—Amarillo 1994, writ denied) ("Consequently, we conclude that filing a foreign judgment under the Uniform Act is an enforcement "action" to which section 16.066(b) applies.").

Nevertheless, when filed, the 1992 judgment became a final judgment subject to appellate rules. *BancorpSouth*, 256 S.W.3d at 722. When Aluotto first raised the statute of limitations defense in his June 21, 2006 motion to vacate, his appellate rights had expired.  The 334th District Court appears to have denied Aluotto's motion to vacate on this basis.  Absent further action by the state district courts or this Court, Cadle's judgment is presently enforceable. *Id*. at 729. However, Aluotto timely filed a bill of review.  If Aluotto prevails in the bill of review adversary, this Court may set aside the domesticated judgment. *Caldwell*, 154 S.W.3d at 96.

Cadle contends that the *Rooker-Feldman* doctrine precludes this Court from reconsidering the domesticated judgment.  If the *Rooker-Feldman* doctrine applies, this Court must dismiss for lack of jurisdiction. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000).

The *Rooker-Feldman* doctrine generally precludes federal district courts from reviewing

state court judgments issued before commencement of a parallel federal proceeding.[3] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84, 125 S.Ct. 1517 (2005). "The *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is an original grant of jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see § 1257(a)." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3, 122 S.Ct. 1753 (2002). The doctrine *does not* bar a federal district court from considering issues that the litigant did not have the opportunity to litigate in the state court. *Beth-EL All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). "[F]or *Rooker-Feldman* to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

Neither *Rooker-Feldman* nor any preclusion doctrine precludes this Court from considering Aluotto's bill of review adversary. Cadle cited no authority holding that the *Rooker-Feldman* doctrine precludes a federal district court from considering a removed bill of review action. A bill of review is not an appeal of a prior decision. A bill of review does not call on the court to review the legal and factual conclusions made in a prior state court judgment. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) ("A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to motion for new trial."). Rather, a bill of review calls on the court to consider whether equity requires the judgment to be vacated, regardless of the correctness or incorrectness of the legal and factual conclusions supporting the judgment. Aluotto's bill of review does not ask this court to consider the merits of a state court's decision. Aluotto's bill of

---

[3] By articulating the *Rooker-Feldman* doctrine, the Court does not find that the doctrine remains a viable doctrine independent of preclusion doctrines. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005).

review essentially asks the Court to vacate the judgment based on allegations of improper service that do not appear to have been considered by the state court.[4]

The Court does not decide whether the 334th District Court's order denying Aluotto's motion to vacate would preclude this Court from examining statute of limitations arguments raised in that motion. The Court cannot discern from the parties' motion and attached documents whether the order denying the motion to vacate is a final order or remains interlocutory. Nor does the Court decide whether Aluotto waived any allegations of improper service. The proper procedural posture for deciding the preclusion and waiver issues is through the bill of review adversary proceeding.

The Court makes no determinations with respect to the merits of Aluotto's bill of review adversary. The Court notes that prior to removal of the bill of review action, the 80th District Court denied Cadle's motion for summary judgment, finding "a genuine issue of material fact regarding, *inter alia*, the allegation of lack of due process (upon which Aluotto will bear the ultimate burden of proof)." Cadle vehemently contests Aluotto's allegations that he did not receive service. However, Cadle has not filed a dispositive motion.[5]

Aluotto's pending objection to Cadle's proof of claim and Cadle's discharge objection adversary proceeding are intertwined with the bill of review adversary proceeding. If Aluotto

[4] Cadle also contends that Aluotto's execution of an agreed order in the domestication suit estops Aluotto from contesting the domesticated judgment. The Court disagrees. The agreed order related to document production and depositions and did not contain any provisions that directly or indirectly stated that Aluotto conceded that the domesticated judgment was valid.

[5] Regardless of the enforceability of the domesticated judgment, Cadle contends that this Court should still enforce the 1992 New Jersey Judgment because, under New Jersey Law, the judgment is enforceable in New Jersey until 2012. This Court is not in New Jersey. Under Rule 69 of the Federal Rules of Procedure, the Court must enforce a judgment pursuant to the laws of the state in which it resides. Under Texas law, the ultimate enforceability of the judgment hinges on resolution of the bill of review adversary. Cadle also reasons that it could revive the 1992 New Jersey Judgment and then timely domesticate the renewed judgment in Texas. The Court does not opine on what Cadle *could* do, but notes that the only facts relevant to this case are what Cadle *has done*. Cadle is seeking to enforce a domesticated 1992 New Jersey Bankruptcy Court judgment, not a 2009 Judgment arising from a revived 1992 New Jersey Bankruptcy Court judgment. The consequences of a revived judgment are irrelevant when there is no revived judgment.

does not prevail in the bill of review adversary, Cadle will hold an enforceable judgment against Aluotto.  Aluotto's objection to Cadle's proof of claim based on the judgment will become moot. The preclusive effect of the New Jersey Bankruptcy Court's discharge findings will also render trial of the discharge adversary unnecessary.  Accordingly, the Court will abate these matters until conclusion of the bill of review adversary.

**Conclusion**

For the reasons set forth above, Cadle's 1992 judgment is presently enforceable, but subject to resolution of adversary #08-03250.  Pursuant to this Memorandum Opinion, the Court will issue a separate order setting a scheduling conference for adversary #08-03250 and abating adversary #08-03199 and Aluotto's objection to Cadle's proof of claim (docket #22, case #08-32970).

Signed at Houston, Texas, on January 29, 2009.

MARVIN ISGUR
United States Bankruptcy Judge